BARBARA SAUNDERS, Employee v. EDENTON OB/GYN CENTER, Employer and
STATE FARM FIRE & CASUALTY COMPANY, Carrier

No. 469A99

(Filed 16 June 2000)

**Workers' Compensation— disability—settlement agreements—presumption of total disability—terms of agreement controlling**

> Even though the Form 21 settlement agreement in a workers' compensation case provided plaintiff-employee with a weekly compensation rate fixed at a level equivalent to the amount payable for total disability under N.C.G.S. § 97-29 for a specified period of four weeks, the Court of Appeals erred in affirming the award of the full Industrial Commission, based on the erroneous conclusion that plaintiff was entitled to the continuing presumption of total disability, because: (1) it is the specific terms of the agreement which result in the ongoing presumption of continuing disability, rather than the Form 21 itself; (2) the presumption that plaintiff was temporarily partially disabled, and not totally disabled, was created through the parties' Form 26 supplemental agreement; and (3) the terms of the supplemental agreement are the final terms which became binding between the parties.

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from an unpublished decision of a divided panel of the Court of Appeals, 134 N.C. App. 733, 527 S.E.2d 94 (1999), affirming an opinion and award entered by the North Carolina Industrial Commission on 15 July 1998. On 2 December 1999, this Court allowed defendants' petition for discretionary review as to additional issues. Heard in the Supreme Court 14 March 2000.

> *The Twiford Law Firm, L.L.P., by Branch W. Vincent, III, for plaintiff-appellee.*

> *Brooks, Stevens & Pope, P.A., by Michael C. Sigmon and Joy H. Brewer, for defendant-appellants.*

LAKE, Justice.

This case arises from proceedings before the North Carolina Industrial Commission (the Commission) and primarily raises the issues of whether, under the facts of this case, there was an ongoing

presumption of total disability in favor of plaintiff and, if so, whether defendants rebutted that presumption.

On 7 December 1992, plaintiff Barbara Saunders, an employee of Edenton Ob/Gyn Center (Edenton), was injured while attempting to break the fall of a patient who had fainted. Ms. Saunders stopped working on 31 December 1992 because of back pain resulting from her injury. The parties executed a Form 21, "Agreement for Compensation for Disability," on 28 January 1993, which the Commission approved on 19 March 1993. The agreement specified plaintiff had returned to work on 28 January 1993 and had received $231.68, the compensable amount applicable to plaintiff for total disability pursuant to N.C.G.S. § 97-29, for the four weeks she was out of work between 31 December 1992 and 28 January 1993. On 14 April 1993, the parties executed a Form 26, "Supplemental Memorandum of Agreement as to Payment of Compensation," which the Commission approved on 24 May 1993, reflecting that plaintiff did not actually return to work at Edenton until 8 March 1993, at which time her weekly earning power "was increased" from "$-0-" to "varies" for "necessary" weeks, and wherein the parties agreed that plaintiff had a disability of "temp. partial disability."

As of 2 June 1993, plaintiff's physician noted that plaintiff was working full time, although she was not performing any significant lifting and continued to experience pain and tightening in her neck. Plaintiff was assessed as having reached maximum medical improvement on 21 September 1993, and on 30 December 1993, Dr. Helen Harmon assigned a three percent permanent partial impairment rating to plaintiff's cervical spine.

Plaintiff worked full time until 20 October 1993, at which time she resigned from her position at Edenton because of pain from her injury and stress from the lack of sleep caused by her pain. Although plaintiff asked her office manager if there was a lighter-duty job in the Edenton office, the manager advised plaintiff that no such job was available.

In 1994, plaintiff worked as a secretary two to four hours per week for Saunders & Sons, Inc., a family-owned construction company, and earned $37.53 per week, for a total of $3,600.00 in 1994. After a year, she left that employment because the company could no longer afford to pay her, and on 5 May 1995, she found employment at Chowan Hospital as a ward secretary. Plaintiff worked thirty-six hours per week until she resigned on 17 September 1995 because of

SAUNDERS v. EDENTON OB/GYN CTR.

[352 N.C. 136 (2000)]

the recurrence of symptoms associated with her 1992 back injury, including muscle spasms and pain and stiffness in her neck and back. Plaintiff earned a total of $4,180.24 working for Chowan Hospital.

On 29 March 1995, plaintiff filed a Form 33, "Request that Claim be Assigned for Hearing," indicating that she believed she was entitled to permanent total disability from the date of her resignation from Edenton on 20 October 1993. The case was heard by a deputy commissioner, who filed an opinion and award on 18 September 1997 concluding defendants had successfully rebutted the presumption of disability by showing that plaintiff's job with Edenton was suitable to her restrictions, that plaintiff resigned for reasons unrelated to her compensable injury, and that plaintiff obtained two other jobs which demonstrated her retention of wage-earning capacity. The deputy commissioner denied temporary total, temporary partial, and permanent total compensation claims and awarded nine weeks of permanent partial impairment compensation.

Plaintiff appealed to the full Commission. The Commission, with one commissioner dissenting, filed an opinion and award on 15 July 1998, finding, *inter alia,* that as a result of her traumatic incident on 7 December 1992, plaintiff was unable to earn wages in her former position or in any other employment except for the weeks she was employed by Saunders & Sons, Inc. and Chowan Hospital and that in those positions, plaintiff was capable of earning only reduced wages. The Commission concluded that the Form 21 agreement for compensation "created a presumption of continuing disability in plaintiff's favor" and that defendants had "not presented evidence sufficient to rebut the presumption of continued disability raised by the approved Form 21 Agreement." Based on their findings of fact and conclusions of law, the Commission reversed the holding of the deputy commissioner and awarded plaintiff the following: temporary total disability compensation from 20 October 1993, the date of her resignation from Edenton, through such time as she returns to work, with adjustment for the weeks in 1994 and 1995 that she was able to work for Saunders & Sons and Chowan Hospital; temporary partial disability for the weeks she was able to work for Saunders & Sons and Chowan Hospital; and all medical expenses.

Defendants appealed to the North Carolina Court of Appeals, which, with one judge dissenting, affirmed the opinion and award of the Commission. Defendants gave notice of appeal to this Court on the basis of the dissent from the Court of Appeals and petitioned for

discretionary review of additional issues, which was granted on 2 December 1999.

Defendants first contend the terms of the Form 21 and Form 26 agreements in the instant case do not establish a presumption of ongoing total disability. For the reasons stated hereinafter, we agree.

Settlement agreements between the parties, approved by the Commission pursuant to N.C.G.S. § 97-17, are binding on the parties and enforceable, if necessary, by court decree. *Pruitt v. Knight Publishing Co.*, 289 N.C. 254, 258, 221 S.E.2d 355, 358 (1976). The Commission and the Court of Appeals correctly acknowledged precedent establishing that an approved Form 21 agreement is considered a settlement between the parties, which results in a rebuttable presumption of continuing disability. *See Saums v. Raleigh Community Hosp.*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997); *Watkins v. Central Motor Lines, Inc.*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971); *Franklin v. Broyhill Furniture Indus.*, 123 N.C. App. 200, 205, 472 S.E.2d 382, 386, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996); *Dalton v. Anvil Knitwear*, 119 N.C. App. 275, 283, 458 S.E.2d 251, 257, *disc. rev. denied and cert. denied*, 341 N.C. 647, 462 S.E.2d 507 (1995); *Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994). In all of the aforementioned cases, however, the presumption of continuing disability was established because the agreement between the parties stipulated that the disability would continue for "necessary weeks" or "for a period to be determined," as opposed to a limited or specified period of time. In each case, it was the specific terms of the agreement which resulted in the ongoing presumption, not the Form 21 itself. Although in the case *sub judice* the issue is whether plaintiff was presumptively entitled to permanent, temporary, partial or total disability and not necessarily the period of disability, resolution of the issue is determined by the terms of the agreement between the parties.

In the instant case, the Commission approved the Form 21 agreement and limited plaintiff's disability for a specified period of four weeks, with a return to work date of 28 January 1993. Although the Form 21 agreement did not specifically note the type of disability for which plaintiff was being compensated, the weekly compensation rate was fixed at a level equivalent to the amount payable for total disability under N.C.G.S. § 97-29. When plaintiff did not return to work on 28 January, the parties entered into a Form 26 supplemental

SAUNDERS v. EDENTON OB/GYN CTR.

[352 N.C. 136 (2000)]

agreement which specified that plaintiff was entitled to a varied rate of compensation for "temp. partial disability" for "necessary" weeks. Based on the terms of the Form 26 agreement, the presumption that plaintiff was temporarily partially disabled, and not totally disabled, was created through plaintiff's agreement to, and the Commission's approval of, those terms. When plaintiff thereafter petitioned the Commission for a hearing and claimed entitlement to permanent total disability, a status substantially different in economic impact from partial disability, she bore the burden of proving total disability. *See Saums*, 346 N.C. at 763, 487 S.E.2d at 749 (claimant has burden of proving the existence of disability and its extent).

The Court of Appeals reasoned that plaintiff's stipulation that she was totally disabled for four weeks was not a stipulation that her total disability ended after those four weeks. However, it is unnecessary to theorize on the impact of the terms of the Form 21 agreement, as those terms were revised by the terms of the Form 26 supplemental agreement, which specified, with plaintiff's approval as evidenced by her signature, that her disability would extend for an ongoing period of "necessary" weeks, at a varied rate for "temp. partial disability." The terms of the supplemental agreement, entered into by the parties and approved by the Commission, are the final terms which became binding between the parties.

The Court of Appeals also reasoned that the inclusion of the word "partial" before "disability" does not amount to a rebuttal of the "presumption of disability" in favor of plaintiff. Although we agree that the presumption of disability was not lost, we disagree that the presumption of total disability was not lost through the subsequent agreement of "partial disability." While the inclusion of the word "varies" for plaintiff's compensation rate does indicate uncertainty regarding the extent of plaintiff's partial disability, it precludes coverage for total disability under N.C.G.S. § 97-29, unless plaintiff rebuts the presumption of partial disability through the presentation of evidence supporting total disability at a hearing before the Commission.

Although the findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, *Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), the Commission's conclusions of law are fully reviewable, *Long v. Morganton Dyeing & Finishing Co.*, 321 N.C. 82, 86, 361 S.E.2d 575, 577 (1987). In the instant case, the Commission con-

SAUNDERS v. EDENTON OB/GYN CTR.

[352 N.C. 136 (2000)]

cluded, and the Court of Appeals affirmed, that defendants had the burden of proof to present evidence sufficient to rebut the presumption of continued disability raised by the approved Form 21 agreement, that defendants had not met the burden of proof and that plaintiff was therefore entitled to the continuing presumption of total disability. Based on this conclusion, the Commission awarded plaintiff temporary total disability compensation from 20 October 1993 through the present and continuing until such time as she returns to work. The Commission's conclusions, and the resulting award, ignore the terms of the Form 26 agreement between the parties and were based on the incorrect impression that plaintiff was entitled to an ongoing presumption of total disability. Because the award was reached through the erroneous application of law, we therefore reverse the Court of Appeals' opinion affirming the award and remand to the Court of Appeals for further remand to the Commission for determination in accord with this opinion.

In light of our conclusion that there was no continuing presumption of total disability, we do not reach the question of whether defendants rebutted the presumption. Likewise, the dissent from the Court of Appeals questions the sufficiency of the Commission's findings of fact addressing the reason plaintiff left her employment with Saunders & Sons, Inc., and whether that employment should have been sufficient to rebut the presumption of disability. As the opinion of the Court of Appeals is reversed, and on remand to the Commission plaintiff will have the burden of rebutting an ongoing presumption of partial disability in her claim for total disability, it is unnecessary for us to address the issues raised by the dissent. Additionally, with respect to defendants' contention that the Commission relied on medical records not properly in evidence, after careful consideration of the record, briefs and oral arguments of the parties, specifically including the findings and conclusions of the Commission, we conclude discretionary review of this issue was improvidently allowed.

In summary, the Court of Appeals erred in affirming the decision of the Commission finding an ongoing presumption of total disability in favor of plaintiff. The Form 26 agreement between the parties established an ongoing presumption of "temp. partial disability," and plaintiff has the burden of rebutting that presumption in moving to establish a claim for total disability. Likewise, in order to rebut plaintiff's claim of ongoing partial disability, in the event such issue arises, defendants have the burden of proving " 'not only that suitable jobs

are available, but also that the plaintiff is capable of getting one, taking into account both physical and vocational limitations.' " *Saums*, 346 N.C. at 763-64, 487 S.E.2d at 749 (quoting *Kennedy v. Duke Univ. Medical Ctr.*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990)). The opinion of the Court of Appeals is reversed and this case is remanded to that court for further remand to the North Carolina Industrial Commission for disposition in accordance with this opinion.

REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.