WILLIAM B. LINEBACK, Employee, Plaintiff v. WAKE COUNTY BOARD OF
COMMISSIONERS, Employer; SELF-INSURED, Defendant

No. COA96-1386

(Filed 1 July 1997)

### 1. Workers' Compensation § 399 (NCI4th)— plaintiff's doctor—testimony disregarded

The Industrial Commission erred in a workers' compensation action by disregarding the testimony of plaintiff's orthopedic surgeon where plaintiff paramedic sought benefits for a knee injury sustained as he stepped from an ambulance and the surgeon testified that plaintiff's injury was not typical with normal, everyday walking or activities. The testimony corroborates the information on plaintiff's Form 19 that the injury was caused by a "twisting motion" when he exited the rescue vehicle, but the Commission made no definitive findings to indicate that it considered or weighed the testimony with respect to causation. The Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony, but must consider and evaluate all of the evidence and may not wholly disregard or ignore competent evidence.

**Am Jur 2d, Workers' Compensation § 607.**

### 2. Workers' Compensation § 406 (NCI4th)— knee injury—paramedic stepping from ambulance—no findings as to usual and customary activities—remanded

The Industrial Commission's findings of fact were insufficient to support its conclusion in a workers' compensation action where plaintiff paramedic sought compensation for a knee injury sustained as he stepped from an ambulance and the Commission concluded that plaintiff had not suffered an injury by accident. Although the Commission described the activities in which plaintiff was engaged when he suffered his knee injury, there are no findings as to whether those activities were part of his usual and customary duties, whether they were being performed in the usual manner, or whether the occurrence which caused the injury involved an interruption of routine and the introduction of unusual conditions likely to result in unexpected consequences.

**Am Jur 2d, Workers' Compensation § 615.**

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission filed 31 July 1996. Heard in the Court of Appeals 5 June 1997.

*Patterson, Harkavy & Lawrence, L.L.P., by Henry N. Patterson, Jr., and Martha A. Geer, for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Robert H. Stevens, Jr., Patricia Wilson Medynski, and Claire Fried Drake, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff, a paramedic for Wake County, filed this claim seeking workers' compensation benefits for a knee injury which he sustained at work. Evidence before the Industrial Commission tended to show that on 23 July 1994, plaintiff responded to an emergency call at the Sundown Inn at approximately 3:30 a.m. Upon arriving at the scene, plaintiff exited the ambulance by first extending his left leg out of the truck. Due to the height of the vehicle, his left foot was eight to nine inches above the parking lot surface, which was uneven. When plaintiff landed on his left foot, and turned to head for the oxygen compartment, he felt a "popping and crunching sensation" in his left knee. Plaintiff continued to work, but reported his knee injury to his partner before the end of their shift.

Plaintiff sought treatment from his general practitioner, who removed him from work due to a "severe knee sprain." On 26 July 1994 plaintiff went to the emergency room for further treatment and was referred to an orthopedic surgeon. That same day, plaintiff reported his injury to the Assistant Director of Emergency Medical Services who completed an Industrial Commission Form 19. Plaintiff was diagnosed with a left knee medial meniscus tear and underwent surgery. He was released to work on 7 September 1994 with a five percent permanent partial disability to the left leg.

The deputy commissioner denied plaintiff's claim for workers' compensation benefits and plaintiff appealed to the Full Commission. By an opinion and award filed 31 July 1996, the Full Commission affirmed the decision of the deputy commissioner, finding that plaintiff injured his knee while carrying on the usual and customary duties of a paramedic in the usual and normal way and concluding that he did not sustain an injury by accident arising out of and in the course

of his employment with defendant-employer. Plaintiff appeals from the opinion and award of the Full Commission.

[1] Plaintiff contends on appeal that the Industrial Commission erred in denying his claim for benefits because it did not consider testimony of his orthopedic surgeon, Dr. Michael Comstock, regarding the cause of plaintiff's injury. Thus, plaintiff contends, the Commission's conclusion of law that he did not sustain an "injury by accident" within the meaning of G.S. § 97-2(6) is supported by neither sufficient findings of fact nor competent evidence.

The standard of appellate review of an opinion and award of the Industrial Commission in a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. *Sidney v. Raleigh Paving & Patching*, 109 N.C. App. 254, 426 S.E.2d 424 (1993). The findings of fact made by the Commission are conclusive upon appeal when supported by competent evidence, even when there is evidence to support a contrary finding. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E.2d 458 (1981). In weighing the evidence, the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and may reject a witness' testimony entirely if warranted by disbelief of that witness. *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). However, before finding the facts, the Industrial Commission must consider and evaluate all of the evidence. Although the Commission may choose not to believe the evidence after considering it, it may not wholly disregard or ignore competent evidence. *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 473 S.E.2d 10 (1996); *Harrell v. J. P. Stevens & Co.*, 45 N.C. App. 197, 262 S.E.2d 830, *disc. review denied*, 300 N.C. 196, 269 S.E.2d 623 (1980).

In the present case, the Industrial Commission made findings of fact regarding the events of 23 July 1994 as follows:

9. On July 26, plaintiff formally reported his injury to Linwood Barham, the assistant director of defendant's emergency medical service. Mr. Barham completed the Industrial Commission Form 19 in plaintiff's presence based on information provided by plaintiff during this interview. The Form reported that the injury was caused by a "twisting motion." The plaintiff stated that the injury occurred during the emergency call while getting out of the

driver's side of the ambulance. Plaintiff stated that he placed his left foot on the ground; and while completing the exit from the vehicle, he must have twisted his left knee and felt a pop in his left knee. However, plaintiff's recorded statement taken July 27, 1994 was that the motion involved while exiting his ambulance was a "normal motion, that it wasn't like I stepped out and lost my balance and violently twisted it or anything like that. It was just a normal motion."

Plaintiff's orthopedic surgeon, Dr. Comstock, was qualified as an expert medical witness and rendered his opinion with respect to the cause of plaintiff's medial meniscus tear. Dr. Comstock testified:

> It is—it is not typical for that type of injury to occur with normal, everyday walking or activities. It typically takes some type of stress with the knee in an abnormal position, such as a twist or landing awkwardly—hyperextension, hyperflexion or some type of twisting. Normal, everyday walking typically doesn't cause a meniscal tear. . . . It is much more consistent with the twisting.

Dr. Comstock's testimony corroborates the information on plaintiff's Form 19 that the injury was caused by a "twisting motion" when he exited the rescue vehicle. However, in finding facts, the Commission made no definitive findings to indicate that it considered or weighed Dr. Comstock's testimony with respect to causation. Thus, we must conclude that the Industrial Commission impermissibly disregarded Dr. Comstock's testimony, and, in doing so, committed error.

[2] Plaintiff also argues that the Commission's findings are not sufficient to support its conclusion that plaintiff's injury did not arise by accident. To obtain compensation under the Workers' Compensation Act, a claimant must prove that he sustained an "injury by accident arising out of and in the course of the employment." N.C. Gen. Stat. § 97-2(6), (18) (Supp. 1996). An accident is an "unlooked for event" and implies a result produced by a "fortuitous cause." *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70, 399 S.E.2d 104, 106 (1991). "If an employee is injured while carrying on his usual tasks in the usual way the injury does not arise by accident." *Gunter v. Dayco Corp.*, 317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986). However, if an interruption of the work routine occurs introducing unusual conditions likely to result in unexpected consequences, an accidental cause will be inferred. *Id.*

With respect to plaintiff's duties and the occurrence from which the injury arose, the Commission made the following findings of fact:

1. Plaintiff is a paramedic with defendant's emergency medical service. He was employed part time by defendant beginning in 1987 and has been employed full time since 1989. His primary duties are to provide care to patients in emergency circumstances and operate and staff an ambulance for this purpose. . . .

3. At about 3:30 a.m. on Saturday morning, July 23, 1994, plaintiff and his partner, paramedic Dwayne Smith, were awakened by an emergency call for a person who was severely bleeding at a local motel. . . .

5. It was necessary for plaintiff to get out of the truck and turn to his left to obtain an oxygen cylinder from a compartment just behind the driver's door. Plaintiff extended his left leg to get out of the truck. Because of the particular style of the truck, plaintiff's left foot was still eight inches or so above the ground.

6. When plaintiff shifted his weight and dropped to the ground on the left leg, while bringing the right leg out of the truck, he began pivoting on the leg to the left to get to the compartment behind him. Plaintiff felt a popping and crunching sensation in his left knee. Plaintiff, however, continued to work, to assist his partner with the emergency but felt occasional clicks or pops in his left knee. . . .

13. Plaintiff injured his left knee while carrying on the usual and customary duties of a paramedic in the usual and normal way. The evidence does not show an injury by accident but merely shows an injury during the course and scope of employment.

Even though the Industrial Commission describes the activities in which plaintiff was engaged when he suffered his knee injury, there are no findings of fact as to whether such activities were part of his usual and customary duties, or whether they were being performed in the usual manner. Moreover, there are no findings of fact from which it may be determined whether the occurrence which caused his injury involved an interruption of routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Accordingly, the findings of fact are insufficient to support the conclusion that plaintiff did not sustain an injury by accident.

MILLER v. NATIONWIDE MUTUAL INS. CO.

[126 N.C. App. 683 (1997)]

The opinion and award is vacated, and the proceeding is remanded to the Commission to consider all the evidence, make definitive findings and proper conclusions therefrom, and enter the appropriate order.

Vacated and remanded.

Judges LEWIS and WYNN concur.