DEBORAH BRYANT, EMPLOYEE, PLAINTIFF v. WEYERHAEUSER COMPANY, EMPLOYER; SELF-INSURED, CARRIER; DEFENDANT

No. COA97-1370

(Filed 7 July 1998)

### 1. Workers' Compensation— res judicata—compliance with vocational rehabilitation

The doctrine of res judicata was not implicated where an initial workers' compensation order was a final adjudication on the merits because it was not appealed, that order required plaintiff to comply with reasonable vocational rehabilitation, and the Commission subsequently concluded that plaintiff was incapable of complying with vocational rehabilitation. The Commission merely determined here that plaintiff was incapable of complying with the available vocational rehabilitation program and did not relitigate whether plaintiff must comply with reasonable vocational rehabilitation. Furthermore, vocational rehabilitation with which plaintiff is incapable of complying is not reasonable.

### 2. Workers' Compensation— findings—conflicting evidence

The Industrial Commission's findings on critical issues in a workers' compensation case were supported by competent evidence in the record and the findings indicate that the Commission considered expert testimony which supported defendant's position, even though the Commission did not specifically find that it was rejecting that evidence. Such negative findings are not required; it is not necessary that the Commission make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence that may be contrary to the evidence accepted by the Commission.

Appeal by defendant from Opinion and Award filed 15 August 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 June 1998.

*Resnick & Abraham, L.L.C., by Gary M. Janis, for plaintiff appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Robert C. Kerner, Jr., for defendant appellant.*

GREENE, Judge.

Weyerhaeuser Company (Weyerhaeuser) appeals from the Opinion and Award of the North Carolina Industrial Commission (Full Commission) in favor of Deborah Bryant (Plaintiff).

On 25 April 1992, Plaintiff sustained a compensable injury by accident while working as a "stacker operator" for defendant. Following a hearing on 28 April 1994, Deputy Commissioner Lawrence B. Shuping, Jr. (Deputy Commissioner Shuping) filed an Opinion and Award in which he concluded that Plaintiff remained totally disabled by permanent right leg and left foot injuries, but determined that if Weyerhaeuser sought to renew vocational rehabilitation efforts, "Plaintiff [was] obligated to cooperate in any reasonable vocational rehabilitation efforts or to have her compensation benefits suspended until she does." Neither Plaintiff nor Weyerhaeuser appear from the record to have sought review of this order by the Full Commission.

Weyerhaeuser subsequently sought to renew rehabilitation efforts, but Plaintiff failed to attend scheduled meetings with Craven Evaluation Training Center (the Center). An informal hearing was held by telephone with Special Deputy Commissioner W. Bain Jones, Jr. (Special Commissioner Jones), who allowed Weyerhaeuser to suspend payment of compensation to Plaintiff on 11 May 1996 until she completed a vocational assessment at the Center. Plaintiff subsequently requested a formal hearing on this issue, and Deputy Commissioner William C. Bost (Deputy Commissioner Bost) filed an Opinion and Award on 5 November 1996 in which he concluded that Plaintiff had been incapable of completing the vocational rehabilitation programs at the previously scheduled times and was still incapable of participating in the program due to her total disability, and therefore ordered Weyerhaeuser to pay both accrued compensation and continuing compensation to Plaintiff. Weyerhaeuser appealed Deputy Commissioner Bost's reinstatement of Plaintiff's benefits to the Full Commission.

The Full Commission reviewed the evidence, including the deposition of Paul P. Alston, Ph.D. (Dr. Alston). Dr. Alston, after watching videotapes of Plaintiff, testified that his opinion was that Plaintiff was "malingering," which he described as "a behavior in which a person essentially exaggerates the level of symptoms that are present for the purpose of manipulating other people's opinions and that they do so with knowledge of what they are doing; that is, it's a deliberate act

that they are doing." Dr. Alston further testified that the videotapes were "a limited observation. So based on that, I wouldn't absolutely say that she is not depressed based on that limited amount of information. It may be that she's not, but I'm not comfortable saying that just from watching videotapes." Based on Dr. Alston's deposition testimony, the Full Commission found that while the "video segments showed an increased level of activity by Plaintiff, . . . Dr. Alston could not say after viewing the tape[s], that she was not depressed."

The Full Commission found and concluded:

Plaintiff was incapable of successfully completing the vocational rehabilitation programs scheduled for her in January, March and June 1995 due to her continuing total disability and the depression that resulted from her work-related injuries, and Plaintiff is still incapable of participating in a vocational rehabilitation program at this time due to her total disability.

In its award, the Full Commission directed Weyerhaeuser to reinstate Plaintiff's compensation payments and to pay the accrued compensation. The Full Commission then vacated Special Deputy Commissioner Jones' suspension of Plaintiff's benefits and directed that compensation benefits "continu[e] until further order of the Industrial Commission." From the Full Commission's Opinion and Award, Weyerhaeuser appeals.

The issues are whether: (I) *res judicata* barred a conclusion by the Full Commission that Plaintiff was incapable of participating in a vocational rehabilitation program; and (II) the Full Commission made sufficient definitive findings to determine the critical issues raised.

Section 97-18.1 of the North Carolina Workers' Compensation Act provides for informal hearings by telephone to determine whether previously awarded benefits should be suspended. N.C.G.S. § 97-18.1(d) (Supp. 1997). The employee may request a formal hearing *de novo* if benefits are suspended following the informal hearing by telephone. *Id.*

In this case, Special Deputy Commissioner Jones conducted an informal hearing by telephone and suspended Plaintiff's benefits. Plaintiff requested and received a formal hearing, at which Deputy Commissioner Bost, on *de novo* review, reinstated Plaintiff's benefits after finding and concluding that Plaintiff was "incapable of participating in a vocational rehabilitation program at this time due to her

total disability." The Full Commission, on review, agreed that Plaintiff was incapable of participating in a vocational rehabilitation program at this time, vacated the suspension order of Special Deputy Commissioner Jones, and reinstated Plaintiff's benefits.

I

**[1]** Weyerhaeuser contends that the doctrine of *res judicata* precludes the Full Commission from concluding that Plaintiff is incapable of complying with vocational rehabilitation in light of Deputy Commissioner Shuping's initial award (which was not appealed to the Full Commission) that Plaintiff "cooperate in any reasonable vocational rehabilitation efforts." We disagree.

The doctrine of *res judicata* precludes relitigation of final orders of the Full Commission and orders of a deputy commissioner which have not been appealed to the Full Commission. *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135-36, 337 S.E.2d 477, 482 (1985). The essential elements of *res judicata* are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits. *Id.* at 135, 337 S.E.2d at 482.

In this case, Deputy Commissioner Shuping's initial order was a final adjudication on the merits (because it was not appealed) of Plaintiff's workers' compensation claim against Weyerhaeuser. That order required Plaintiff to comply with "reasonable" vocational rehabilitation. The issue of whether Plaintiff must comply with "reasonable" vocational rehabilitation, therefore, cannot be relitigated, even before the Full Commission.[1]

In this case, the Full Commission did not relitigate whether Plaintiff must comply with "reasonable" vocational rehabilitation, but merely determined that Plaintiff was incapable of complying with the available vocational rehabilitation program. Thus, the doctrine of *res judicata* is not implicated.

Weyerhaeuser argues in the alternative that the vocational rehabilitation offered was reasonable. We disagree. Vocational rehabilitation with which Plaintiff is "incapable" of complying is not reasonable vocational rehabilitation.

---

1. The Full Commission has the inherent power, "analogous to that conferred on courts by Rule 60(b)(6)," to set aside or modify its own orders, including final orders of the deputy commissioners, *Hogan*, 315 N.C. at 129; however, this inherent power is not implicated in this case because the Full Commission did not set aside or modify Deputy Commissioner Shuping's order.

BRYANT v. WEYERHAEUSER CO.

[130 N.C. App. 135 (1998)]

II

**[2]** Weyerhaeuser contends that the Full Commission failed to take Dr. Alston's testimony into account because it did not make specific findings of fact noting the statements of Dr. Alston which supported Weyerhaeuser's position that Plaintiff was not depressed.

"[T]he authority to find facts necessary for a worker's compensation award is vested exclusively with the [Commission], and . . . such findings must be upheld on appeal if supported by any competent evidence, even in the face of evidence to the contrary." *Errante v. Cumberland County Solid Waste Management*, 106 N.C. App. 114, 118, 415 S.E.2d 583, 585 (1992). The Full Commission must make "definitive findings to determine the critical issues raised by the evidence," *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835, *disc. review denied*, 300 N.C. 196, 269 S.E.2d 623 (1980), and in doing so must indicate in its findings that it has "considered or weighed" all testimony with respect to the critical issues in the case, *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 681, 486 S.E.2d 252, 254 (1997). It is not, however, necessary that the Full Commission make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence that may be contrary to the evidence accepted by the Full Commission. *See id.*; *cf. Armstong v. Armstrong*, 322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988) ("We do not imply that a trial court must make exhaustive findings regarding the evidence presented at the hearing; rather 'the trial court should . . . limit[] the findings of fact to ultimate, rather than evidentiary facts.' ").

In this case, the Full Commission made the definitive finding that Plaintiff was depressed in determining the critical issue of whether she was incapable of complying with the vocational rehabilitation offered. The findings indicate that the Full Commission, in reaching its determination, considered the expert testimony of Dr. Alston. We acknowledge that the evidence does reveal some testimony from Dr. Alston that would support a finding that Plaintiff was not depressed. We further acknowledge that the Full Commission did not specifically find that it was rejecting the evidence that would support a finding that Plaintiff was not depressed. Such "negative" findings are not required. Because the Full Commission's findings on the critical issues in this case are supported by some competent evidence in the record, this Court is bound by those findings.

Affirmed.

Judges MARTIN, John C. and SMITH concur.