***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the jurisdictional stipulations entered into by the parties in a Pre-Trial Agreement.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff alleges that on June 13, 2001, during the night shift, she was checking out a customer with a bag of Pedigree dog food which did not have the ordinary bar code accessible for scanning. Plaintiff alleges that she then attempted to pull the bag from the bottom rack of the buggy, and while doing so her foot slipped off the edge of the non-slip mat behind the cashier's register and she felt a popping sensation in her right shoulder. Plaintiff states that she was the only cashier on duty at that particular moment, and Melissa Jones was the only other cashier working but she was on break. Plaintiff alleges that she reported the injury to Hoyt Beckworth who was the assistant manager on duty at the time and then to Ms. Jones when she returned. Plaintiff states that Mr. Beckworth made arrangements for her to switch registers so that she could use her left arm to check out customers.
2. Plaintiff subsequently received medical treatment for a right shoulder condition and missed approximately one month of work and returned to work light-duty thereafter. Plaintiff also missed about three days of work for an unrelated leg injury in the last month or so before the deputy commissioner hearing.
3. Plaintiff denied ever having previously injured the right shoulder, contrary to what is set forth in her recorded statement to the adjuster at CMI. When cross-examined about her statements in the recorded statement, plaintiff denied that they were accurate. In the statement, plaintiff admits to a prior injury to the right shoulder some ten years before when an abusive husband twisted her right arm behind her causing a severe sprain. On cross-examination, plaintiff maintained her denial of any prior injury stating that the injuries from her abusive husband were all to her left arm. There is nothing in the record to corroborate either version of plaintiff's prior medical history, but likewise, there is no independent basis for questioning the accuracy of the transcription of the recorded statement.
4. Plaintiff testified that she reported the injury on the alleged date of injury, June 13, 2001, but also that she met with various individuals including John Heath, John Loebick, and possibly Tom Leach. There is nothing to corroborate plaintiff's testimony that any injury was reported at any time before she spoke with Tom Leach to prepare leave of absence paperwork. Mr. Loebick recalls that plaintiff told him about her shoulder problems about a month before all of this transpired, and at that time, she was inquiring about the procedure for requesting a leave of absence for a shoulder condition she had had for some time. Mr. Loebick agrees that by June 15, 2001, he remembers that plaintiff was describing an alleged work-related injury, but he clearly remembers a prior conversation when she was requesting information about taking a leave of absence for the same problem. Margaret Highland also remembers the same type of prior discussion about shoulder problems and plaintiff saying she needed to take a leave of absence for that problem. When plaintiff later asked Ms. Highland whether she remembered her telling her about the work-related injury, Ms. Highland responded to her that she knew nothing about any injury at work.
5. Plaintiff denied on cross-examination that she had any health condition that would have prompted her to inquire about taking a leave of absence, and this is not accepted as credible in light of the credible and substantial evidence to the contrary. Likewise, plaintiff did have prior back injuries (not disclosed in her answers to interrogatories), but she states that treatment for that back injury was many years before. Furthermore, plaintiff's testimony about what caused the back injury was inconsistent in that in one statement she attributed it to being pushed down the stairs by the abusive husband and in another instance attributed it to her foot slipping.
6. In light of the fact that a number of witnesses recall that plaintiff was inquiring about and planning to take a leave of absence prior to the date of the alleged injury, the lack of any corroborating evidence that plaintiff actually reported the injury when she alleges it occurred, other inconsistencies in the record, and the demeanor of the witnesses testifying at deputy commissioner hearing, the Full Commission finds that plaintiff's testimony concerning the alleged injury is not credible.
7. The credible evidence demonstrates that plaintiff was having difficulties with her shoulder even before the date of the alleged injury at work, contrary to what plaintiff alleges. There is no credible evidence that plaintiff's shoulder problems became worse on the alleged date of injury than they had been previously, as suggested by the evidence that she contemplating taking a leave of absence for the purpose of undergoing surgery for such shoulder problems well before the alleged date of injury. Plaintiff's refusal to even acknowledge the existence of prior problems precludes meaningful comparison of her shoulder problems before and after the date of the alleged injury, even if one were to assume that the injury occurred as she alleges.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. "In weighing the evidence, the [Industrial] Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and may reject a witness' testimony entirely if warranted by disbelief of that witness." Lineback v. Wake County Board ofCommissioners, 126 N.C. App. 678, 680; 486 S.E.2d 252, 254 (1997). In light of the fact that a number of witnesses recall that plaintiff was inquiring about and planning to take a leave of absence prior to the date of the alleged injury, the lack of any corroborating evidence that plaintiff actually reported the injury when she alleges it occurred, other inconsistencies in the record, and the demeanor of the witnesses testifying at hearing, the Full Commission finds that plaintiff's testimony concerning the alleged injury is not credible.
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an accident arising out of and in the course of the employment. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). An employee may recover benefits under the Workers' Compensation Act only for an "injury by accident arising out of and in the course of employment. . . ." N.C. Gen. Stat. § 97-2(6). Except in uncomplicated medical situations, testimony from a medical expert witness is required to establish the necessary causal relationship between alleged disability and the injury.See Slizewski v. International Seafood, Inc., 46 N.C. App. 228,264 S.E.2d 810 (1980). In the present case, even if plaintiff's testimony were otherwise credible, the lack of medical testimony that plaintiff sustained an injury at work requires that the claim be denied. Since the credible evidence shows that plaintiff was having difficulties with her shoulder even before the alleged injury at work, it would be necessary for a doctor to determine whether the alleged injury could be considered the cause of what followed.
 ***********
Based on the foregoing Findings of Facts and Conclusions of Law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim under the law must be and is hereby DENIED.
2. Each party shall bear its own costs.
This the ___ day of September 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER