NORMAN BOJE, Employee, Plaintiff v. D.W.I.T., L.L.C. ET AL., Employer, Noninsured, D.J. GRIFFITH d/b/a GRIFFITH CONSTRUCTION COMPANY, General Contractor, Noninsured, BUILDERS MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. COA07-1294

(Filed 20 January 2009)

**Workers' Compensation— res judicata—law of the case**

The Industrial Commission did not err in a workers' compensation case by determining that defendant carrier effectively cancelled defendant employer's workers' compensation insurance

under N.C.G.S. § 58-36-105 based on the alternative ground that defendant employer was barred from relitigating that issue because: (1) the doctrine of res judicata precludes relitigation of final orders of the full Commission and orders of a deputy commissioner which have not been appealed to the full Commission; (2) the law of the case provides that when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes the "law of the case" and cannot be challenged in subsequent proceedings in the same case; and (3) under either approach, defendant employer's failure to appeal from a deputy commissioner's 2003 opinion and award finding that it did not have workers' compensation insurance coverage on the date of plaintiff's accident barred it from relitigating that issue in subsequent proceedings.

Appeal by defendant D.W.I.T., L.L.C. from opinion and award entered 17 July 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 May 2008.

*No brief filed on behalf of plaintiff.*

*Leicht & Olinger, by Gene Thomas Leicht, for defendant-appellant D.W.I.T., L.L.C.*

*Lewis & Roberts, P.L.L.C., by Brian D. Lake and Melissa K. Walker, for defendant-appellee Builders Mutual Insurance Company.*

GEER, Judge.

Defendant employer D.W.I.T., L.L.C. ("DWIT") appeals from an opinion and award of the Industrial Commission determining that defendant carrier Builders Mutual Insurance Company had properly canceled DWIT's workers' compensation insurance policy for non-payment of premiums. Builders Mutual counters DWIT's arguments by contending that the Commission's decision should be upheld on appeal on the alternative ground that DWIT failed to appeal a deputy commissioner's prior decision determining that DWIT did not have workers' compensation insurance on the date of plaintiff Norman Boje's injury. We agree with Builders Mutual that DWIT was not entitled to relitigate the issue of insurance coverage without having the prior deputy commissioner's decision set aside. Because the Full Commission expressly found no basis for setting aside that decision, and DWIT has not appealed that ruling, we affirm.

Facts

DWIT originally purchased workers' compensation insurance from Builders Mutual for the period of 10 May 2001 through 10 May 2002. DWIT elected to pay its monthly premiums by self-reporting its payroll, with payments due by the 20th of each month. DWIT failed to submit the self-reporting information and premium payment for April 2002 by the due date, and Builders Mutual sent out a late-payment notification. On 6 June 2002, when DWIT still had not provided payment or the self-reporting information, Builders Mutual sent DWIT a "Policy Termination/Cancellation/Reinstatement Notice," notifying DWIT that its insurance policy would be cancelled effective 23 June 2002 if DWIT did not provide the necessary self-reporting information and premium payments to bring the account current.

DWIT sent Builders Mutual a check on 27 June 2002 as payment of the April and May 2002 premiums. Builders Mutual sent a letter to DWIT acknowledging the payment, but refused to reinstate DWIT's policy unless DWIT submitted by 9 July 2002 a $260.00 policy renewal premium and a statement of no losses. DWIT, however, took no further action to renew its workers' compensation insurance policy, and Builders Mutual ultimately cancelled DWIT's policy effective 23 June 2002.

On 13 September 2002, defendant Griffith Construction Company subcontracted with DWIT to frame a house. On 19 September 2002, while working for DWIT on that house, plaintiff fell and shattered his left heel. Plaintiff filed a claim for disability benefits. In an opinion and award filed 26 June 2003, Deputy Commissioner Douglas E. Berger determined that plaintiff had sustained a compensable injury on 19 September 2002. He further found that, "[o]n September 19, 2002, defendant-employer D.W.I.T., LLC did not have workers' compensation coverage for its employees." Deputy Commissioner Berger, therefore, ordered DWIT to pay plaintiff temporary total disability benefits and to pay plaintiff's medical expenses. Neither party appealed that opinion and award.

On 20 October 2003, DWIT filed a motion to join Builders Mutual as a party, arguing that Builders Mutual's attempt to cancel DWIT's insurance policy was ineffective. This motion was allowed on 24 October 2003. On 21 May 2004, plaintiff filed a motion to show cause, asking that corporate officers of DWIT be held in contempt for nonpayment of plaintiff's weekly compensation. In addition, on 23 June 2004, Builders Mutual filed a motion to dismiss; an amended motion to dismiss was filed 2 July 2004.

BOJE v. D.W.I.T., L.L.C.

[195 N.C. App. 118 (2009)]

On 9 July 2004, the Chief Deputy Commissioner entered an order assigning Deputy Commissioner George Glenn to "hear all issues raised upon the pleadings" and to "hear and decide all pending issues that may be present in this matter . . . ." In an opinion and award entered 19 April 2005, Deputy Commissioner Glenn determined, among other issues, that Builders Mutual had not effectively cancelled DWIT's workers' compensation insurance under the controlling statutory guidelines, and, consequently, that DWIT's insurance was still in effect on 19 September 2002, the date of plaintiff's injury.

Builders Mutual appealed to the Full Commission, and, in an opinion and award entered 17 July 2007, the Commission reversed Deputy Commissioner Glenn's decision. Based on its determination that Builders Mutual had properly cancelled DWIT's workers' compensation policy on 23 June 2002 and that DWIT had failed to renew its policy for the period May 2002 through May 2003, the Commission concluded that "DWIT did not possess workers' compensation insurance for its employees on September 19, 2002, the date of plaintiff's injury." Plaintiff and DWIT both filed notices of appeal to this Court, but only DWIT has pursued the appeal.

## Discussion

DWIT argues that the Commission erroneously determined that Builders Mutual effectively canceled DWIT's workers' compensation insurance under the governing statutory provision, N.C. Gen. Stat. § 58-36-105 (2007). Builders Mutual has, however, cross-assigned error to the Commission's failure to conclude that DWIT was barred by Deputy Commissioner Berger's opinion and award from asserting that it had workers' compensation insurance coverage under the Builders Mutual policy. Builders Mutual contends that Deputy Commissioner Berger's opinion and award constitutes an alternative basis in law for supporting the Commission's opinion and award. *See* N.C.R. App. P. 10(d) ("Without taking an appeal an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.").

Deputy Commissioner Berger made the following finding of fact in his 26 June 2003 opinion and award: "On September 19, 2002, defendant-employer D.W.I.T., LLC did not have workers' compensation coverage for its employees." This opinion and award was not an interlocutory decision, but rather was a final determination of the

BOJE v. D.W.I.T., L.L.C.

[195 N.C. App. 118 (2009)]

merits of plaintiff's claim against DWIT for temporary total disability benefits. DWIT was entitled to appeal this opinion and award to the Full Commission pursuant to N.C. Gen. Stat. § 97-85 (2007), but did not do so.

It is well established that "[t]he doctrine of *res judicata* precludes relitigation of final orders of the Full Commission and orders of a deputy commissioner which have not been appealed to the Full Commission." *Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 138, 502 S.E.2d 58, 61, *disc. review denied*, 349 N.C. 228, 515 S.E.2d 700 (1998). In *Bryant*, this Court held that when the parties had failed to appeal from a deputy commissioner's opinion and award on the merits of the plaintiff's claim against Weyerhaeuser, the issue whether the plaintiff was required to comply with reasonable vocational rehabilitation—as ordered in that opinion and award—could not be relitigated "even before the Full Commission." *Id.*

The "law of the case," a related doctrine, provides that when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes "the law of the case" and cannot be challenged in subsequent proceedings in the same case. *See Williams v. Asheville Contr. Co.*, 257 N.C. 769, 771, 127 S.E.2d 554, 555 (1962) (per curiam) ("[W]hen the appeal was abandoned or not perfected within the time allowed, the order of the court below sustaining the demurrer and dismissing the action became the law of the case and the plaintiff was thereby precluded from amending his complaint which ordinarily may be done when a demurrer is sustained without dismissing the action."); *Alphin v. Tart L.P. Gas Co.*, 192 N.C. App. 576, 588 n.3, 666 S.E.2d 160, 168 n.3 (2008) ("We agree that since plaintiff did not appeal the finding that he is capable of sedentary work, that ruling is now the law of the case.").

Here, under either approach, since DWIT did not appeal Deputy Commissioner Berger's 2003 opinion and award finding that it did not have workers' compensation insurance coverage on the date of plaintiff's accident, it was barred from relitigating that issue in subsequent proceedings. DWIT could have moved to have that opinion and award set aside or modified. *See Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985) (holding that Commission has inherent power to set aside its prior decisions); *Bryant*, 130 N.C. App. at 138 n.1, 502 S.E.2d at 61 n.1 ("The Full Commission has the inherent power, analogous to that conferred on courts by Rule 60(b)(6), to set aside or modify its own orders, including final orders of the deputy

commissioners . . . ." (internal quotation marks omitted)). DWIT did not, however, formally make such a motion.

In any event, the Full Commission, in its opinion and award, specifically found: "DWIT did not appeal from Deputy Commissioner Berger's finding of fact and conclusion of law that it did not have workers' compensation insurance at the time of plaintiff's injury. The Full Commission finds no valid grounds to set aside this finding of fact and conclusion of law." DWIT does not challenge on appeal this determination that no grounds exist to set aside Deputy Commissioner Berger's finding of fact and conclusion of law. Accordingly, we affirm the Commission's opinion and award determining that DWIT did not have workers' compensation insurance coverage on the date of plaintiff's compensable injury on the alternative ground that DWIT was barred from relitigating that issue by Deputy Commissioner Berger's opinion and award.

Affirmed.

Judge CALABRIA concurs.

Judge WYNN concurs in the result only.