***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing and in the Pre-Trial Agreement as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged injury by accident.
4. The employer-employee relationship existed between Plaintiff and Defendant-Employer at the time of the alleged injury by accident.
5. Defendant-Employer is KCI Technologies, Inc., and the carrier on the risk is Sedgwick CMS Insurance Company.
6. Plaintiff alleges to have sustained an injury to his left shoulder while working for Defendant-Employer on July 9, 2009.
7. Plaintiff's average weekly wage was $616.50, which generates a weekly compensation rate of $410.78.
8. The nature of the alleged injury is an injury to the left shoulder.
9. Plaintiff was paid for the entire day of the alleged injury.
10. Plaintiff's employment with Defendant-Employer was terminated by Defendant-Employer on October 2, 2009.
11. At the hearing, the parties submitted the following:
 (a) A notebook of various stipulated exhibits which was marked Stipulated Exhibit 1 and which included the following:
 i. A Pre-Trial Agreement *Page 3 
 ii. Industrial Commission Forms and Filings
 iii. Discovery Responses
 iv. Medical Records
 v. Payroll Information
 vi. Daily Work Sheets
 (b) Plaintiff's Employment File, which was marked Stipulated Exhibit 2.
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Defendant-Employer is in the business of erecting antenna towers at sites in North Carolina, Virginia, and Maryland.
2. Plaintiff, who is fifty-nine years old, was employed by Defendant-Employer on two separate occasions. He was a "civil helper" both times. His first period of employment was from August 27, 2007 to December 4, 2008. His second period of employment was from April 22, 2009 to October 2, 2009.
3. Plaintiff's job duties as a civil helper were extremely physical and routinely involved heavy lifting of forty or more pounds. Plaintiff's job duties included digging trenches, picking up eighty-pound bags of concrete without assistance, erecting metal form-work, spreading gravel and concrete, loading and unloading trucks, carrying and moving heavy materials, pushing wheelbarrows filled with concrete, operating heavy-duty machinery, pulling various types of wiring, including heavy service cable, drilling and bolting pre-fabricated steel sections, and loading construction and electrical debris when a job was completed. Broken *Page 4 
antenna pieces were part of the debris that was left at a job site. Plaintiff performed debris cleanup typically every two to three days upon the completion of a job.
4. Mr. Balog worked for Defendant-Employer as electrical superintendent and in that capacity would have the opportunity to see Plaintiff working approximately once per week. Mr. Balog was not in a position to observe what Plaintiff did on a regular basis as a civil helper. However, he testified that they had their scope of work, "but then too you did what you had to do to get a job done."
5. Samuel Trinca was employed by Defendant-Employer in a management capacity and also did not have an opportunity to observe Plaintiff working on a daily basis. However, he was responsible for reviewing Plaintiff's Daily Work Sheets, which confirm that Plaintiff performed the heavy work outlined above, including debris pick-up and site clean-up.
6. On July 9, 2009, Plaintiff reported to his supervisor that he had sustained an injury to his left shoulder while unloading trash from a dump truck at the landfill in Culpepper, Virginia. Plaintiff attributed his injury to unloading a piece of broken antenna which he testified weighed approximately 45 pounds.
7. Plaintiff's testimony at the hearing focused on how often he might have to pick up antennas at a job site, and whether he was able to use a forklift or other piece of equipment on July 9, 2009 to assist with lifting. Plaintiff testified that he could not use the forklift because they were by a tower in the woods and no forklift was available. This testimony is inconsistent with his initial report of injury and the statement signed by his supervisor, which indicated that the injury occurred while unloading trash from a dump truck at the landfill.
8. Plaintiff offered no evidence describing how or why lifting a broken piece of antenna was any different from any of the other heavy lifting he routinely did at work. He did *Page 5 
not state that it was particularly unwieldy or that it weighed more than any of the other items he had picked up in the past as part of job site cleanup or his other various duties.
9. While there was testimony that the antennas can come in boxes as large as 8' x 2' x 2', Plaintiff did not allege or testify that he injured his shoulder picking up an antenna in a box.
10. The injury which Plaintiff sustained to his left shoulder on July 9, 2009 was not the result of an interruption of his regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. At the time of his injury, Plaintiff was engaged in his regular job duties, which were varied, very heavy, and every few days involved removing debris from job sites.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In workers' compensation cases, a claimant has the burden of proving every element of compensability. Whitfield v. Lab Corp. ofAmer., 158 N.C. App. 341, 581 S.E.2d 778 (2003).
2. To be compensable under the Act, an injury must result from an accident, which has been defined as "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury." Hensley v. Farmers Fed'n Coop.,246 N.C. 274, 98 S.E.2d 289 (1957). An unlooked for and untoward event involves the interruption of the work routine and the introduction thereby of "unusual conditions likely to result in unexpected consequences." Poe v. Acme Bldrs.,69 N.C. App. 147, 316 S.E.2d 338, cert. denied,311 N.C. 762, 321 S.E.2d 143 (1984). *Page 6 
3. In determining whether there has been an accident, "the question is whether the totality of the conditions under which Plaintiff worked at the time of the injury were `usual tasks in the usual way'" expected of someone working as a civil helper for Defendant-Employer. Griggs v. Eastern Omni Constsructors,158 N.C. App. 480, 485, 581 S.E.2d 138, 140 (2003), citingLineback v. Wake County Bd. Of Comm'rs.,126 N.C. App. 678, 681, 486 S.E.2d 252, 255 (1997). Without any evidence that the broken antenna piece was heavier than what he usually lifted when clearly debris, or unusually unwieldy in some way, the fact that Plaintiff may or may not have lifted a piece of broken antenna before does not in and of itself establish the occurrence of an accident.
4. Considering the totality of the circumstances, Plaintiff's left shoulder injury on July 9, 2009 was not the result of an accident within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
The foregoing Stipulations, Findings of Fact and Conclusions of Law engender the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of __________, 2011.
 S/_______________
 TAMMY R. NANCE
 COMMISSIONER *Page 7 
CONCURRING:
S/_________________ STACI T. MEYER COMMISSIONER
S/____________________ DANNY LEE McDONALD COMMISSIONER *Page 1