BRYANT, Judge.
Where plaintiff was entitled to a continuing presumption of disability, the Commission's award denying defendant's request to terminate vocational rehabilitation services to plaintiff is affirmed.
On 9 June 1995, plaintiff Sandra Tinsley Moore, an employee of defendant Mohawk Industries, Inc., filed a Form 18 Notice of Accident to Employer. Plaintiff described the nature and extent of her injury as "a condition in [her] hands and arms, probably carpel tunnel syndrome." In an Opinion and Award by the Full Commission entered 16 October 1997, it was concluded that "plaintiff developed bilateral carpal tunnel syndrome which is due to causes and conditions characteristics of and peculiar to her employment ... and which is not an ordinary disease of life to which the general public is equally exposed outside of this employment. Plaintiff, therefore, has contracted an occupational disease." Plaintiff was awarded temporary total disability compensation as well as compensation for medical expenses, "for so long as such treatment may reasonably be required to effect a cure, give relief, and tends to lessen plaintiff's period of disability."
In an Opinion and Award filed on 20 August 1999, a deputy commissioner concluded that although plaintiff was at maximum medical improvement, "plaintiff remains temporarily, totally disabled as a result of her compensable occupational disease, bilateral carpal tunnel syndrome." The commissioner also concluded that "[p]laintiff [was] capable of returning to work within restrictions imposed by her treating physician, and may benefit from vocational rehabilitation services." In its award, the deputy commissioner stated that "[d]efendant shall provide plaintiff with assistance in locating suitable employment. For as long as [plaintiff] claims entitlement to compensation, plaintiff is obligated and is ORDERED to reasonably comply with all vocational rehabilitation services provided by defendant."
In an Administrative Order filed 13 March 2001, a special deputy commissioner denied defendant's application to suspend plaintiff's ongoing temporary total disability compensation. The special deputy commissioner found that "defendant has failed to make a sufficient showing that plaintiff has unjustifiably refused to comply with vocational rehabilitation services."
Several years later, in an Amended Opinion and Award filed 2 December 2008, the Full Commission concluded that "[t]he preponderance of the competent and credible evidence establishes that plaintiff has engaged in a deliberate course of conduct to sabotage the job placement efforts provided to her by her employer." "Plaintiff's violation of the Industrial Commission Order for her to cooperate with vocational rehabilitation services provided by defendant entitles defendant to suspend her weekly compensation payments." The Commission further made the following conclusion:
Should plaintiff wish to resume vocational rehabilitation in an effort to find suitable employment and resume temporary total disability payments, defendants shall reinitiate vocational rehabilitation that shall be catered to plaintiff's limited intellectual abilities and shall reinitiate temporary total disability benefits only after plaintiff has demonstrated a pattern of compliance with defendants' reasonable rehabilitation efforts.
In a motion dated 8 November 2012, plaintiff sought to compel defendants to provide vocational rehabilitation services. In her motion, plaintiff asserted that "[i]n an effort to establish that she is serious about participating in the vocational rehabilitation efforts, she has been looking for work on her own.... Additionally, [plaintiff] has attended some community college classes in order to make herself more marketable."
On 6 December 2012, in an Order to Compel Defendants to Provide Vocational Rehabilitation Services, a special deputy commissioner granted a motion filed by plaintiff. "[S]hould defendants fail to comply with [the] Order[,] plaintiff may move for a reinstatement of temporary total disability benefits." Defendants appealed the order compelling them to provide vocational rehabilitation services. Defendants argued that plaintiff "[was] not disabled and that vocational rehabilitation services [were] therefore not necessary to lessen a disability resulting from a compensable injury or occupational disease."
On 7 October 2013, Deputy Commissioner Phillip A. Holmes entered an Opinion and Award concluding that plaintiff was unable to establish she was disabled within the meaning of the Workers' Compensation Act, and therefore, she was not entitled to temporary total disability. Moreover, the deputy commissioner concluded that because plaintiff was no longer disabled, "the provision of vocational rehabilitation services would no longer tend to lessen the period of disability[,]" and thus, the 6 December 2012 order compelling defendants to resume vocational rehabilitation services was moot. Plaintiff appealed to the Full Commission (the "Commission").
In an Opinion and Award entered 30 May 2014, a divided Commission concluded that plaintiff remained temporarily totally disabled. The Commission further upheld the order compelling defendants to reinstate vocational rehabilitation services after plaintiff indicated that she wished to resume her search for suitable employment. But the Commission also concluded that plaintiff "[had] not yet demonstrated a consistent pattern of complying with vocational rehabilitation services provided ... in order to reinstate her temporary total disability benefits." The Commission ordered that defendants authorize and pay for plaintiff to undergo further evaluation of her work capabilities and whether additional treatment options are available to provide relief from her compensable bilateral carpal tunnel syndrome. Defendants appeal.
_________________________
On appeal, we decide the following issues raised by defendants: whether the Commission erred in (I) determining that plaintiff is entitled to a presumption of continuing disability; (II) determining that plaintiff is temporarily and totally disabled; and (III) failing to terminate plaintiff's temporary total disability benefits.
Standard of review
Our standard of review for an appeal from an opinion and award of the full Commission is limited to the consideration of two issues: (1) whether the Industrial Commission's findings of fact are supported by competent evidence; and (2) whether its conclusions of law are supported by the findings of fact.
Norman v. Food Lion, LLC,213 N.C.App. 587, 713 S.E.2d 507 (2011) (citation omitted).
I
Defendants first argue that the Commission erred in considering whether plaintiff is entitled to a presumption of disability and in ordering that defendant provide further vocational rehabilitation to plaintiff. Defendants contend that in her notice of appeal, appealing the 7 October 2013 Opinion and Award of Deputy Commissioner Phillip A. Holmes to the Full Commission, plaintiff filed a Form 44 Application for Review "that was silent as to any contention that she [was] entitled to a presumption of disability." Defendants, thus, contend plaintiff abandoned the presumption of disability as a valid ground for her appeal to the Commission. We disagree.
Pursuant to the Workers' Compensation Rules, Rule 701,
[a]fter receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner....
Workers' Comp. R. of N.C. Indus. Comm'n 701(2), 2014 Ann. R. (N.C.) 1301.
In Roberts v. Wal-Mart Stores, Inc.,173 N.C.App. 740, 619 S .E.2d 907 (2005), this Court held that the Commission violated its own rules by failing to require the plaintiff to state with particularity the grounds for appeal, as required by Rule 701, and, thereafter, issuing an Opinion and Award based solely on the record. Id.at 744, 619 S.E.2d at 910. There, the plaintiff filed a letter giving notice of appeal from the Opinion and Award of a deputy commissioner. However, despite an instruction that she was to file a Form 44, the plaintiff failed to file a Form 44 or a brief. The Full Commission, thereafter, issued an Opinion and Award based solely on the record. Id.On appeal, the RobertsCourt reasoned that without notice of the grounds of appeal, the appellee had no notice of what would be addressed by the Full Commission. Id.
In comparison, we consider Cooper v. BHT Enterprises,195 N.C.App. 363, 672 S.E.2d 748 (2009). In Cooper,as in Roberts,the plaintiff gave notice of her appeal to the Full Commission but failed to file a Form 44 Application for Review. However, where the Robertsplaintiff also failed to file a brief to the Commission, the Cooperplaintiff did not. On appeal, acknowledging both the discretion of the Commission to waive the use of Form 44 and the mandate of Rule 701(2) ("that grounds for appeal be set forth with particularity"), the CooperCourt held that the mandate of Rule 701(2) was satisfied. Id.at 368, 672 S.E.2d at 753 (citation omitted).
In the matter before us, plaintiff filed a Form 44 Application for Review of Deputy Commissioner Holmes' 7 October 2013 Opinion and Award and set out three categories of contentions:
a. The Deputy Commissioner erred in entering Findings of Fact Numbers 5, 6, 7, and in parts....
b. The Deputy Commissioner erred in entering Findings of Fact Number 9 and 10, in their entirety....
c. The Deputy Commissioner erred in entering his Conclusions of Law and his Award, in their entirety....
We note that the deputy commissioner made only ten findings of fact, and the first four findings reflect the procedural history of plaintiff's case. The findings of fact plaintiff challenged describe the testimony of physicians who examined plaintiff and the relative weight the deputy commissioner accorded the testimony of each physician, as well as the deputy commissioner's finding that "plaintiff is capable of working without restriction related to her previous diagnosis of carpal tunnel syndrome." The deputy commissioner further made ten conclusions of law. Each conclusion centers around the deputy commissioner's determination that plaintiff was no longer disabled and/or the effect of that determination upon the standing orders that defendants were to resume vocational rehabilitation services. The Full Commission, in its 30 May 2014 Opinion and Award, set out the issues it intended to decide, including "Is Plaintiff disabled?" In its conclusions of law, the Commission stated that " '[w]here there has been a previous determination of continuing total disability by the Industrial Commission, the claimant is entitled to a presumption of disability.' Watkins v. Central Motor Lines,279 N.C. 132, 181 S .E.2d 588 (1971)."
We hold that the challenges set forth in the Form 44 filed by plaintiff sufficiently state the errors plaintiff alleges were committed by the deputy commissioner and, more significantly, notified defendants that plaintiff challenged the deputy commissioner's conclusion she was no longer disabled. SeeWorkers' Comp. R. of N.C. Indus. Comm'n 701(2), 2014 Ann. R. (N.C.) 1301. As such, consideration of whether plaintiff was entitled to a presumption of disability based upon a prior determination of "continuing total disability" was within the purview of the Commission. SeeN.C. Gen.Stat. § 97-84 (2013) ("The Commission ... shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner. The Commission shall decide the case and issue findings of fact based upon the preponderance of the evidence in view of the entire record. [The Commission shall file] [t]he award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue...."). Accordingly, we overrule this portion of defendants' argument.
Defendants further argue that the Commission erred in concluding plaintiff is entitled to a presumption of ongoing disability. Specifically, defendants contend that plaintiff waived the presumption of ongoing disability and that plaintiff should be estopped from claiming the benefit of the presumption of disability. We disagree.
[Our Supreme Court] has recognized that a presumption of disability in favor of an employee arises only in limited circumstances. First, the employer and employee may execute a Form 21, Agreement for Compensation for Disability, that stipulates to a continuing disability and is subsequently approved by the Industrial Commission. Second, the employer and employee may execute a Form 26, Supplemental Agreement as to Payment of Compensation, that stipulates to a continuing disability and is later approved by the Commission. Third, an employee may prove to the Industrial Commission the existence of a disability.
Johnson v. S. Tire Sales & Service,358 N.C. 701, 706, 599 S.E .2d 508, 512 (2004) (citations omitted).
Defendants argue that while a presumption of disability may arise, the presumption is not limitless; for example: it ends when a plaintiff returns to employment at the same wages she received at the time of the injury, see Watkins,279 N.C. at 137, 181 S.E.2d at 592 ("there is a presumption that disability lasts until the employee returns to work and likewise a presumption that disability ends when the employee returns to work at wages equal to those he was receiving at the time his injury occurred" (citation omitted))[1] ; and it can be waived, see Kisiah v. W.R. Kisiah Plumbing,124 N.C.App. 72, 81, 476 S.E.2d 434, 439 (1996) (noting that "one such way a waiver might occur is when an employee and employer settle their compensation dispute in a manner consistent with N.C. Gen.Stat. § 97-17, and that settlement is subsequently approved by the Commission" (citing N.C. Gen.Stat. § 9717)). Defendants reference the Commission's conclusion in its 2 December 2008 Opinion and Award that "plaintiff has engaged in a deliberate course of conduct to sabotage the job placement efforts provided to her by her employer." To this Court, defendants contend that "[b]y deliberately sabotaging the vocational rehabilitation process, plaintiff waived the ongoing application of the presumption of disability." ContraN.C. Gen.Stat. § 97-25(d) (2013) ("The refusal of the employee to accept any medical compensation when ordered by the Industrial Commission shall bar the employee from further compensation until such refusal ceases,and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission the circumstances justified the refusal." (emphasis added)). We note that defendants provide no authority for this proposition. Further, we have found no authority to support the contention that plaintiff's actions, as noted herein, constitute a waiver of the disability presumption, and we refuse to so find here. By requesting that "[t]his court should hold that plaintiff's intentional conduct amounts to a relinquishment of her known right to a presumption of disability[,]" defendant would have us extend the concept of waiver in a manner never intended in workers' compensation law. See Sanhueza v. Liberty Steel Erectors,122 N.C.App. 603, 608, 471 S.E.2d 92, 95 (1996) ("G.S. 97-25 is clear in its mandate that a claimant who refuses to cooperate with a rehabilitative procedure is only barred from receiving further compensation 'until such refusal ceases[.]' Accordingly, we must reverse the Commission's opinion and award as to its conclusion that plaintiff is 'no longer entitled to any further weekly compensation benefits[.]' ").
We note that in its 2 December 2008 Opinion and Award, the Commission made the following conclusion that properly applied the law surrounding the continuing presumption of disability and the effect of a plaintiff's compliance or lack thereof with vocational rehabilitation efforts:
[s]hould plaintiff wish to resume vocational rehabilitation in an effort to find suitable employment and resume temporary total disability payments, defendants shall reinitiate vocational rehabilitation ... and shall reinstate temporary total disability benefits only after plaintiff has demonstrated a pattern of compliance with defendants' reasonable vocational rehabilitation efforts.
See, e.g., Johnson v. Jones Grp., Inc.,123 N.C.App. 219, 221-22, 472 S.E.2d 587, 588 (1996) ("The refusal of the employee to accept any ... rehabilitative [services] when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension .... " (quoting N.C. Gen.Stat. § 97-25 (1991) )). Such action discontinues payment of compensation, but does not end an ongoing presumption of disability. Defendants failed to appeal the 2 December 2008 Opinion and Award of the Commission, and as such, this conclusion became the law of the case. See Boje v. D.W.I.T.,195 N.C.App. 118, 670 S.E.2d 910 (2009) ("The 'law of the case[ ]' ... doctrine, provides that when a party fails to appeal from a tribunal's decision that is not interlocutory, the decision below becomes 'the law of the case' and cannot be challenged in subsequent proceedings in the same case. See Williams v. Asheville Contr. Co.,257 N.C. 769, 771, 127 S.E.2d 554, 555 (1962) (per curiam) ('[W]hen the appeal was abandoned or not perfected within the time allowed, the order of the court below ... became the law of the case and the plaintiff was thereby precluded from amending his complaint which ordinarily may be done....'); Alphin v. Tart L.P. Gas Co.,192 N.C.App. 576, [588] ..., 666 S.E.2d 160, 168 n. 3 (2008) ('We agree that since plaintiff did not appeal the finding that he is capable of sedentary work, that ruling is now the law of the case.')."). Therefore, defendants cannot now challenge the presumption of continuing disability upon which the provisions of the 2 December 2008 order are necessarily predicated: defendants are compelled to reinitiate temporary total disability benefit payments after plaintiff "has demonstrated a pattern [of] compliance with defendants' reasonable vocational rehabilitation efforts." Further, the Commission's findings of fact support its conclusion of law that plaintiff is entitled to an ongoing presumption of disability. We also note the dissenting commissioner would have reached a different result based on her view of the credibility of the witnesses and the weight to be accorded their testimonies, and would have found that defendants rebutted the presumption. Nevertheless, the dissenting commissioner clearly indicated that she did "not dispute the majority's conclusion that [ ] plaintiff is entitled to a presumption of continuing disability by virtue of the August 20, 1999 Opinion and Award of [the deputy commissioner]...." For the reasons stated herein, this argument is overruled.
II
Defendants argue that the Commission erred by determining plaintiff is disabled and entitled to additional vocational services. More specifically, defendants contend that because the Commission erroneously imposed a presumption of disability in favor of plaintiff and, as a result, improperly shifted the burden of proof to defendants, the Commission's conclusion that plaintiff is disabled and entitled to additional vocational services is not based on proper findings of fact.
Based on our analysis and holding herein that the Commission's conclusion that plaintiff was entitled to a presumption of disability was proper, we overrule this argument.
AFFIRMED.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
North Carolina Industrial Commission, No. 546801.
Appeal by defendant from opinion and award entered 30 May 2014 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 April 2015.

See Kisiah v. W.R. Kisiah Plumbing, 124 N.C.App. 72, 79, 476 S.E.2d 434, 438 (1996) (noting that "a holding that an employee's return to work is a per se change in disability, allowing an employer to terminate an award ... is incorrect."); Radica v. Carolina Mills, 113 N.C.App. 440, 447, 439 S.E.2d 185, 190 (1994) ("An employee's release to return to work is not the equivalent of a finding that the employee is able to earn the same wage earned prior to the injury, nor does it automatically deprive an employee of the benefit of the [disability] presumption. Cf. Watson, 92 N.C.App. at 476, 374 S.E.2d at 485 (finding of maximum medical improvement is not the same as a finding that the employee is able to earn the same wage earned prior to the injury).").